WILSON v. C. DORFLINGER & SONS et al.   (No. 247–60.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S COM-
PENSATION ACT—"VEHICLE"—"OTHERWISE THAN ON TRACKS."

A porter and shipping clerk, employed in a house engaged in the busi-
ness of selling glassware, and required to operate an elevator when he
had occasion to use it, there being no elevator man, but the elevator being
used by different employés from time to time, was engaged in a hazardous
business, within the Workmen's Compensation Law (Consol. Laws, c. 67)
§ 2, group 41, embracing the operation, otherwise than on tracks on streets,
highways, or elsewhere, of cars, trucks, wagons, or other vehicles, since
the elevator as a means of carrying persons and things was a "vehicle,"
and, notwithstanding guides on each side to keep it plumb, etc., not
within the exception "otherwise than on tracks," and since group 41, em-
braces the operation of every kind of vehicle by steam, electric, or other
motive power.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Vehicle.]

Appeal from State Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Act by Leona Wil-
son for compensation to herself for the death of her husband, William
H. Wilson, opposed by C. Dorflinger & Sons, employers, and the Knick-
erbocker Mutual Liability Insurance Company of New York, insurer.
Compensation was awarded, and the employer and insurer appeal.
Award affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Arthur Butler Graham, of New York City (Archibald Ewing Steven-
son and William H. Woolley, both of New York City, on the brief),
for appellants.

The Attorney General, E. C. Aiken, Deputy Atty. Gen., and Jeremiah
F. Connor, of New York City, for respondent.

JOHN M. KELLOGG, J.   Unquestionably the deceased met his
death while in the employment.   A freight elevator was used sometimes
by the employés in going from floor to floor, especially when carrying
merchandise or freight, and the deceased frequently used it.   The Com-
mission has found that he accidentally fell down the shaft and was
killed.   He was found at the bottom of the shaft.   It also finds that
he was employed as a porter and shipping clerk, and that one of his
incidental duties was to operate the elevator when he had occasion to
use it.   It also finds that the employers were engaged in the business
of selling glassware.

The employers' first report describes their business as a glass-selling
agency.   The employers' affidavit, attached to the proof of loss, in an-
swer to the question, "What is the kind of character of the business
conducted?" answers, "Mfrs. of glassware."   But the finding of the
Commission that the employers were engaged in the business of selling

glassware, in connection with the evidence, establishes conclusively that they were not manufacturers of glass, but sellers of glass only, and therefore the case does not come within group 20 of section 2 of the Workmen's Compensation Law. The employé was not engaged in a hazardous business within the Workmen's Compensation Law, unless the business falls within group 41 of that section, which embraces:

"The operation, otherwise than on tracks, on streets, highways, or elsewhere, of cars, trucks, wagons or other vehicles, and rollers and engines propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses or mules."

There was no elevator man, but the elevator was used in the business by the different employés from time to time. The serious question is whether it was a "vehicle," within the meaning of group 41. Clearly it was a means of carrying persons and things, and falls fairly within the definition of a vehicle. There seems to be no good reason why cars, trucks, and wagons, propelled in the manner mentioned in that group, should be included, and an elevator excluded. They are all vehicles for the carrying of persons and things. It cannot be urged that an elevator is excepted by the expression "otherwise than on tracks." There are guides upon each side of the elevator to keep it plumb and to facilitate its operation, but it cannot be said to be operated upon tracks within the meaning of that section. If such a construction were to be given, the reasoning would force it into group 1, which includes the operation of railways operated by steam, electric, or other motive power, street railways, and incline railways. The elevator is operated by the power mentioned in group 41, and a liberal construction of the statute brings it within that group. Group 1 and 41 seem to embrace the operation of every kind of a vehicle by steam, electric, or other motive power.

The award should therefore be affirmed. All concur.

